# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

JOYCE BRITTINGHAM,       )
     Plaintiff,           )
                          )
v.                        )      No. 3:04-CV-593
                        )      (Phillips)
STEVE ABNER, et al.,       )
     Defendants.       )

## MEMORANDUM OPINION

Plaintiff has brought this action pursuant to 42 U.S.C. § 1983 and Tennessee law for the alleged violation of her civil rights which occurred when officers came upon her property seeking to execute an arrest warrant for her brother. Defendant Bill White, Sheriff of Anderson County, has been dismissed by order of the court entered May 18, 2005 [Doc. 9]. The remaining named defendants, Steve Abner and Lisa Crumpley, have moved the court for an order dismissing plaintiff's action against them, or in the alternative, for summary judgment. For the reasons which follow, defendants' motion for summary judgment will be granted.

## Factual Background

The parties have adopted the statement of facts from the court's memorandum and order filed May 18, 2005 [Doc. 9]: Plaintiff Brittingham owns a kennel and stable in Union County, Tennessee. On September 29, 2004, plaintiff was in her barn feeding horses. At that time there were seven dogs running loose on her property.

1

Brittingham heard her dogs barking and then heard gunshots. She saw a man holding a gun in the shaded part of her barn. Brittingham asked the man who he was and what he wanted. The man responded that she needed to get her dogs before he shot one. The man stepped out of the barn and Brittingham saw that he was wearing a uniform. She then saw a woman in uniform with a gun drawn and pointed at one of her dogs. The officers explained that they had a warrant for plaintiff's brother, Steven Brittingham, and asked plaintiff if she knew his whereabouts. Brittingham told the officers that she had not spoken to her brother in two weeks. Brittingham does not allege any further actions by the officers after telling them that she had not spoken to her brother except to state that Animal Control Officers contacted her at her home the next day.

Additional information about the events on September 29 can be gleaned from defendant Lisa Crumpley's countersuit against Brittingham. Crumpley was one of the officers attempting to serve the arrest warrant on Steven Brittingham. Crumpley stated that after entering the property she was attacked by at least fifteen dogs that were running loose. Crumpley discharged her weapon into the ground in an effort to scare away the dogs who were attacking her. Crumpley was bitten and injured by one or more of Brittingham's dogs, and has filed a countersuit against Brittingham seeking damages for the injuries inflicted by Brittingham's dogs.

Brittingham has sued officers Steve Abner and Lisa Crumpley for violation of her civil rights under 42 U.S.C. § 1983; as well as for the torts of assault, outrageous conduct, negligence, malicious harassment, negligent infliction of emotional distress,

2

trespass and harassment under Tennessee law.  Defendants Abner and Crumpley assert

that they are entitled to absolute immunity from suit as they were acting in direct response

to a bench warrant; and in the alternative, they are entitled to qualified immunity in that the

facts fail to show that any clearly established right of the plaintiff was violated.  Plaintiff

opposes defendants' motion.


## Standard of Review

While styling the motion as one for either dismissal or summary judgment,

defendants have submitted affidavits and other evidence in support of their motion.  Rule

12(b), Federal Rules of Civil Procedure, requires the court to treat a motion to dismiss

under Rule 12 as a motion for summary judgment if matters outside of the pleadings are

presented to and not excluded by the court.  The court will therefore consider the motion

as only one for summary judgment.


Rule 56(c), Federal Rules of Civil Procedure, provides that summary

judgment will be granted by the court only when there is no genuine issue of material fact

and the moving party is entitled to judgment as a matter of law. The burden is on the

moving party to conclusively show that no genuine issue of material fact exists. The court

must view the facts and all inferences to be drawn therefrom in the light most favorable to

the non-moving party. *Matsushita Elec. Indus. Co., v. Zenith Radio Corp.,* 475 U.S. 574,

587 (1986); *Morris to Crete Carrier Corp.,* 105 F.3d 279, 280-81 (6th Cir. 1987); *White v.

Turfway Park Racing Ass'n, Inc.*, 909 F.2d 941, 943 (6th Cir. 1990); *60 Ivy Street Corp. v.

Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987). Once the moving party presents evidence

sufficient to support a motion under Rule 56, Federal Rules of Civil Procedure, the nonmoving party is not entitled to a trial simply on the basis of allegations. The non-moving party is required to come forward with some significant probative evidence which makes it necessary to resolve the factual dispute at trial. *Celotex Corp. v. Catrett,* 477 U.S. 317 (1986); *White,* 909 F.2d at 943-44. The moving party is entitled to summary judgment if the non-moving party fails to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof. *Celotex,* 477 U.S. at 323; *Collyer v. Darling,* 98 F.3d 220 (6th Cir. 1996).

## Analysis

Defendants aver that they are entitled to absolute immunity from suit as they were acting in direct response to a bench warrant issued by the General Sessions Court of Anderson County for the arrest of plaintiff's brother, Steven Brittingham. Defendants Abner and Crumpley state in their affidavits that at all times material herein, they were acting pursuant to a bench warrant which directed them to the plaintiff's property. Plaintiff asserts that defendants admit that their actions toward plaintiff occurred entirely in Union County, Tennessee. As deputies of the Anderson County Sheriff acting in Union County, plaintiff argues that the defendants were not duly authorized to act upon the bench warrant issued for Steve Brittingham, and absolute immunity may not attach. I find plaintiff's argument without merit. Tennessee Code Annotated § 40-6-212 specifically provides that

> When the sheriff, deputy sheriff, coroner or any other officer of
> any county in this state has possession of a warrant or capias
> for the arrest of any person charged with the commission of a
> crime, it is lawful for the sheriff, deputy sheriff, coroner or any

4

> other officer to execute such process, and arrest the person so
> charged in any county in this state. . . .

Moreover, defendant Abner and defendant Crumpley submitted affidavits stating that they were at all times acting in good faith, pursuant to a lawful order of the General Sessions Court for Anderson County, Tennessee, and believed that they were entering upon property located in Anderson County, Tennessee. I find that defendants Abner and Crumpley were authorized by Tennessee law to enter plaintiff's property to execute the bench warrant for Steve Brittingham. Police officers are entitled to rely on a judicially secured warrant for immunity from a § 1983 action for illegal search and seizure. *Yancey v. Carroll County, Ky.,* 876 F.2d 1238, 1243 (6th Cir. 1989). Because defendants' entry onto plaintiff's property and their contact with plaintiff were pursuant to a valid warrant and at the direction of a judge, plaintiff cannot show a violation of a clearly established constitutional right as required to state a claim under § 1983. The act of enforcing a court order, in this case an arrest warrant, is intrinsically associated with a judicial proceeding for which absolute immunity applies. Accordingly, I find that defendants are entitled to absolute immunity for their entry onto plaintiff's property to execute the arrest warrant.

Additionally, the court finds that defendants are also entitled to qualified immunity for their actions taken after entry onto plaintiff's property. Qualified immunity is an entitlement not to stand trial or face the other burdens of litigation. *Mitchell v. Forsythe,* 472 U.S. 511, 526 (1985). The privilege is an immunity from suit rather than a mere defense to liability, and like absolute immunity, it is effectively lost if the case is erroneously permitted to go to trial. *Id.* The courts, when ruling on a qualified immunity issue, must

5

consider whether, taken in a light most favorable to the party asserting injury, the facts alleged show the officers' conduct violated a constitutional right. *Siegert v. Gilley,* 500 U.S. 226, 232 (1991). If no constitutional right would have been violated or the allegation is not established, there is no necessity for further inquiries concerning qualified immunity. However, if a violation can be made out on a favorable view on the party's submission, the next step is to ask whether the right was clearly established. The contours of the right must be sufficiently clear such that the reasonable officer would understand that what he is doing violated that right. *Anderson v. Creighton,* 483 U.S. 635, 640 (1987). In light of preexisting law, the unlawfulness of officers' actions must be apparent. *See Mitchell,* 472 U.S. at 528. The relevant dispositive inquiry in determining whether a right is clearly established is whether it would be clear to the reasonable officer that his conduct was unlawful in the particular situation he is confronted with. *See Wilson v. Lane,* 526 U.S. 603, 615 (1999). If the law did not put the officer on notice that his conduct would be clearly unlawful, summary judgment based upon qualified immunity is appropriate. *Malley v. Briggs,* 475 U.S. 335, 341 (1986).

The plaintiff has the burden to show that the defendants are not entitled to qualified immunity. *Blake v. Wright,* 179 F.3d 1003, 1007 (6th Cir. 1999). When evaluating the plaintiff's case against qualified immunity, the first inquiry must be whether a constitutional right would have been violated on the facts alleged; second, assuming the violation is established, the question whether the right was clearly established must be considered on a more specific level. *Saucier v. Katz,* 533 U.S. 194, 200 (2001). The court

does not reach the second question in this case because no rational juror could find that the officers violated plaintiff's rights on the facts submitted by the parties.

As found above, the entry of the officers upon plaintiff's property did not violate any constitutional rights of the plaintiff. As to the officers' actions after they entered upon plaintiffs' property, I find their actions reasonable under the totality of the circumstances. The record shows that after entering the property, the officers were confronted by several dogs that were running loose. Officer Crumpley was bitten and injured by one or more of these dogs. Crumpley discharged her weapon into the ground in an effort to scare away the dogs who were attacking her.

When determining whether the use of force violated a plaintiff's Fourth Amendment rights, the court must perform a "careful balancing of the nature and quality of the intrusion on the individual's Fourth Amendment interests against the countervailing governmental interests at stake. *Graham v. Connor,* 490 U.S. 386, 396 (1989). A person's interest in his own life is of course, a fundamental interest. *Tennessee v. Garner,* 471 U.S. 1, 9 (1985). The "reasonableness" of a particular use of force must be judged from the perspective of a reasonable officer on the scene, rather than with the 20/20 vision of hindsight. The Fourth Amendment is not violated by an arrest based on probable cause, even though the wrong person is arrested, nor by the mistaken execution of a valid search warrant on the wrong premises. *Graham* at 396. With respect to a claim of excessive force, the same standard of reasonableness at the moment applies: the calculus of reasonableness must embody allowance for the fact that police officers are often forced to

7

make split-second judgments, in circumstances that are tense, uncertain and rapidly evolving, about the amount of force that is necessary in a particular situation. *Id.*

Applying the *Graham* balancing test, from the perspective of a reasonable officer at the scene, no reasonable juror could disagree that the dogs posed a serious and immediate threat to the officers. Officer Crumpley had been bitten and injured by the dogs. She was justified in discharging her weapon to scare the dogs off. Similarly, Officer Abner was surrounded by four dogs and feared that they would attack him. He also was justified in drawing his weapon for his own protection. Based on these facts, no reasonable juror could find that no immediate and serious danger existed.

While pointing his gun at her dogs, Officer Abner informed plaintiff that he had a warrant for her brother's arrest and asked her if she knew his whereabouts. Plaintiff told him that she had not spoken to her brother in two weeks. There are no allegations in her complaint that plaintiff was placed under arrest or that the officers took any action against her. Taken together, these facts indicate that no reasonable juror could conclude that the officers violated plaintiff's Fourth Amendment rights. The officers' interest in abating a serious and immediate threat to their safety was reasonable under the circumstances. Under Rule 56(c), plaintiff is not entitled to rely simply on the basis of the allegations in her complaint, but rather, is required to submit some probative evidence in support of her allegations that the officers violated her Constitutional rights. Plaintiff did not satisfy her burden under the summary judgment standard by proffering evidence that defendants violated any of her protected rights. It is clear to the court that Officer Crumpley and Officer

8

Abner are entitled to qualified immunity for their actions taken after entering plaintiff's property. Accordingly, the court will grant the motion for summary judgment filed by defendants, and plaintiff's complaint against them will be dismissed.

## Conclusion

For the reasons stated above, defendants' motion for summary judgment [Doc. 14] will be **GRANTED**, and plaintiff's § 1983 action against defendants will be dismissed.

Additionally, under 28 U.S.C. § 1367(c)(3), a district court may decline to exercise supplemental jurisdiction over a claim if it has dismissed all claims over which it has original jurisdiction. Therefore, pursuant to 28 U.S.C. § 1367(c)(3), plaintiff's claims for assault, outrageous conduct, negligence, infliction of emotional distress, harassment, trespass, and violation of various statutes under Tennessee law will be **DISMISSED, BUT WITHOUT PREJUDICE** to refiling the same in an appropriate state court. Further, pursuant to § 1367(c)(3), the court declines to exercise jurisdiction over defendant Crumpley's counterclaim for personal injuries under state law, which claim will also be **DISMISSED, BUT WITHOUT PREJUDICE** to refiling the same in an appropriate state court.

**ENTER:**

_____s/ Thomas W. Phillips_____
United States District Judge

9